DuVal vs. City of Hot Springs.

---

DuVal vs. City of Hot Springs.

1. APPEALS TO SUPREME COURT: *In misdemeanors, how obtained.*
   It is in civil suits only, including suits at law, in chancery, and penal actions, that the clerk of the supreme court is authorized by the Civil Code of Practice to grant appeals.

2. Appeals from judgments of the circuit court for offenses less than felony, must be prayed and granted in the circuit court, and the transcript filed in the supreme court within the time prescribed by law.

APPEAL from *Garland* Circuit Court.

Hon. J. M. SMITH, Circuit Judge.

*Harrell,* for appellant.

*Henderson, Attorney General, contra.*

ENGLISH, C. J.   In November, 1878, Harry DuVal and Edward Smith were arrested under a warrant issued by the mayor of the city of Hot Springs, charging them with a violation of ordinances Nos. 37 and 65, of said city, by "*roping and steering one Otto Leifer to a game* known as

three-card monte, and of exhibiting said game in said city," etc.

DuVal was tried by a jury, before the mayor, found guilty, fined $25, and appealed to the circuit court of Garland county.

On demurrer to the charge, the court required the attorney for the city to elect upon which of the two ordinances he would prosecute the accused, and he elected to prosecute under ordinance No. 65.

The case was submitted to the court, by the parties, for a trial *de novo*.

The evidence conduced to prove that DuVal and Smith were partners in low gaming. That on the arrival of Otto Leifer, as a visitor to Hot Springs, from Montana, DuVal enticed him to a place where they met his partner, Smith, who was disguised as a Texas cattle dealer, and who had with him cards for playing three-card monte. By betting upon the game several times himself with Smith, and winning, DuVal finally induced Leifer to bet, and he was cheated out of several hundred dollars by tricks of the partners.

The court, upon the evidence, found DuVal guilty, and fined him $25. A new trial was refused, and he took a bill of exceptions, but prayed no appeal to this court—at least none appears to have been granted by the circuit court.

Afterwards, on the third of February, 1879, on the application of DuVal, the clerk of this court granted him an appeal.

The case has been submitted on its merits, as well as upon a motion on behalf of appellee to dismiss the appeal, on the ground that the clerk of this court has no power to grant an appeal in a criminal prosecution.

This was in the nature of a criminal prosecution for vio-

lation of an ordinance of the city of Hot Springs. *Gantt's Dig.*, secs. *1638 to 1641.*

It is in civil suits only, including suits at law, in chancery, and penal actions, that the clerk of this court is authorized by the Civil Code of Practice to grant appeals. *Civil Code, chap. 29; Gantt's Dig.*, secs. *1056 to 1068; Sykes v. Lafferty, 26 Ark., 414.*

From a judgment of the circuit court in a criminal prosecution for an offense less than felony, whether upon presentment presented there, or in a case brought into the circuit court on appeal from a justice of the peace, or police court, an appeal to this court must be prayed and granted in the circuit court, and the transcript filed here within the time prescribed by law. *Criminal Code, title I; ib., title IX, article III; Gantt's Dig.*, secs. *1638 to 1661; ib., 2101 to 2147.*

The appeal must be dismissed at appellant's cost.