RUSSELLVILLE *v.* EDWARDS.

Opinion delivered October 22, 1906.

APPEALS—MISDEMEANORS.—Where a proceeding in a mayor's court to collect a penalty for violation of a city ordinance was begun by a warrant of arrest, instead of by summons, the proceeding is a criminal prosecution, and not a civil action, and an appeal to this court from the circuit court must be taken within the time required in appeals in misdemeanor cases.

Appeal from Pope Circuit Court; *William L. Moose,* Judge; appeal dismissed.

*Brooks & Hays,* for appellee on motion to dismiss appeal.

This case is governed by § 2614, Kirby's Digest. The record must be lodged within sixty days after judgment. If not so lodged, this court has no jurisdiction. 30 Ark. 39; 48 *Id.* 148; 45 *Id.* 397.

*Dan B. Granger,* for appellant, resisting motion to dismiss.

Kirby's Digest, § 2614, does not apply to violations of city ordinances, but only to misdemeanors, violations of State laws. *Expressio unius,* etc., applies. The appeal was from the judgment for costs. It was not strictly a criminal prosecution, but one in the *nature* or *form* of a criminal prosecution to recover a penalty under § 5468, Kirby's Digest. 1 Dillon, Mun. Corp. (4 Ed.), § 429 and § 368 subd. 2; 17 Am. & Eng. Enc. Law (1 Ed.), 255 *et seq.;* 18 *Id.* 269 *et seq.*

The cases cited by appellee's counsel were for violations of State laws. When the fine is given to the corporation, the proceedings are regulated by the practice in civil actions. Kirby's Digest, § § 2082; 2621, 1189 *et seq.* See, also, § § 5462, 5465, 5468, Kirby's Digest, and 56 Ark. 133. If the ruling in *Hot Springs* v. *Duval,* 34 Ark. 560, is to stand, appellant is without a remedy under § 13, art. 2, Constitution.

RIDDICK, J. This is a motion to dismiss the appeal of the City of Russellville in this case, because the transcript was not filed within the time allowed by the statute.

The facts are that the defendant, Perk Edwards, was arrested and tried before the mayor's court of Russellville for a violation of a city ordinance. He was convicted and fined $5 and costs, from which judgment he appealed to the circuit court. A judgment was rendered in the circuit court in favor of the defendant, dismissing the case and taxing the costs against the city. This judgment was rendered on the 10th day of November, 1904. A motion for new trial was filed and overruled on the 22d day of the same month, and the city prayed an appeal, which was granted by the circuit court. The bill of exceptions was filed in due time, but no transcript of the record was lodged in this court until nearly a year after the judgment. The appeal granted by the circuit court not having been perfected, the clerk of this court on application of the appellant granted a new appeal on the 6th day of November, 1905, and this is the appeal we are asked to dismiss.

Counsel for the city contend that this is a penal action, the proceedings in which are regulated by the practice in civil actions, and that the motion to dismiss the appeal should be overruled for that reason. Kirby's Digest, § 2082.

This section of the Digest to which he refers provides that

a public offense of which the only punishment is a fine may be prosecuted by a penal action. If the prosecution in this case had been by a penal action to recover the amount of the fine, then the contention of counsel for the city would have been correct. But the prosecution in this case was begun by a warrant for the arrest of the defendant in the nature of a criminal proceeding. Having chosen to prosecute the defendant in that way, the action is governed by the practice in criminal proceedings. This question was fully discussed in the case of *DuVal* v. *Hot Springs,* 34 Ark. 560, to which learned counsel for the city has called our attention. But we can not agree with him that this case was not well considered, for we are of the opinion that it contains a sound exposition of the law. The fact that the only question left in this case now is a question of costs does not change it from a criminal to a civil action.

Following the decision above quoted, we are of the opinion that the clerk of this court had no right to grant this appeal, and the appeal is dismissed.